Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER STROSS, an individual, | Case No. |
| Plaintiff, | COMPLAINT FOR CONTRIBUTORY COPYRIGHT INFRINGEMENT |
| v. | |
| TIKTOK INC., a California corporation; and DOES 1-10, | Jury Trial Demanded |
| Defendants. | |

Plaintiff ALEXANDER STROSS hereby prays to this Court for relief based on Defendant TIKTOK INC.'s ("TIKTOK") acts of contributory copyright infringement as alleged below:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. STROSS is a professional photographer residing in Austin, Texas.

5. TIKTOK is a California corporation with a principal place of business at located at 5800 Bristol Parkway, Suite 100, Culver City, CA 90230. TIKTOK is the owner, operator, and/or controller of the website tiktok.com and its related/affiliated subdomains, mobile websites, and applications (collectively, "TIKTOK'S Platform").

6. Upon information and belief, Defendants DOES 1-10 ("DOE Defendants") (collectively with TIKTOK, "Defendants") are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of DOE Defendants are presently unknown to Plaintiff, which therefore sues said DOE Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

7. Upon information and belief, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## TIKTOK'S PLATFORM AND NOMINAL PROCESS FOR REMOVING COPYRIGHT-INFRINGING CONTENT

8. TIKTOK'S Platform is a successful online multimedia (including videos, audio, graphics, and photos) sharing and social media website. It generates billions of dollars in revenue annually and has had an unprecedent social impact by

influencing popular culture and Internet trends, among other things. However, TIKTOK and TIKTOK'S Platform have been widely criticized for inappropriate content, misinformation, violating user privacy, and copyright infringement. This case concerns a small part of the copyright infringement on TIKTOK'S Platform: the infringement of STROSS' copyright in the Subject Work (defined below).

9.  Users' access to and use of TIKTOK'S Platform is subject to the Platform's terms and conditions, including TIKTOK's copyright policy. Those terms and conditions specify that users may not use the Platform to upload, transmit, distribute, store, or otherwise make available in any way any material which does or may infringe any copyright, trademark, or other intellectual property rights of any other person. TIKTOK maintains the right and ability to remove IP-infringing content. TIKTOK also maintains the right and ability to disable user accounts for failure to comply with any of the provisions of the Platform's terms of service, or for activities which, in TIKTOK's sole discretion, would or might cause damage to, infringe, or violate any third party rights.

10. If a copyright holder believes that content on TIKTOK'S Platform infringes their copyright(s) in their protected work(s), the copyright holder can, *inter alia*, contact TIKTOK at copyright@tiktok.com to submit a claim of copyright infringement (a "Takedown Notice") under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512. An effective Takedown Notice under the DMCA contains substantially the following information: (1) contact information (of the copyright holder or authorized representative); (2) identification of the copyrighted work(s) allegedly infringed; (3) identification of the allegedly infringing content and information reasonably sufficient to permit the service provider to locate that content (such as web addresses, or "URLs"); (4) a declaration; and (5) a signature.

11. If a copyright owner submits an effective Takedown Notice, TIKTOK must act expeditiously to remove or disable access to the complained-of content.

12. As a registered service provider under the DMCA, TIKTOK must also maintain a repeat infringer policy—i.e., maintain the right and ability to suspend or terminate a user's account for multiple copyright violations in connection with the use of TIKTOK'S Platform.

## **TIKTOK TURNS A BLIND EYE TO UNAUTHORIZED CONTENT INFRINGING STROSS' COPYRIGHT IN THE SUBJECT WORK**

13. STROSS is a professional photographer who took and owns an original photograph registered with the U.S. Copyright Office under Reg. No. VAu 989-644 (collectively, the "Subject Work").

14. Following the publication and display of the Subject Work, users on TIKTOK'S Platform copied, uploaded, reproduced, published, displayed, created derivative works of, distributed, and/or otherwise used the Subject Work on TIKTOK'S Platform without a license, authorization, or consent from STROSS (collectively, the "Infringing Uses"). Representative examples of the Subject Work and Infringing Uses are set forth in **Exhibit 1**.

15. On September 18, 2022, STROSS sent a Takedown Notice to TIKTOK's designated agent under the DMCA via email at copyright@tiktok.com requesting the removal of the Infringing Uses. The Takedown Notice contained the information required for an effective Takedown Notice under the DMCA.

16. By October 10, 2022, TIKTOK had not removed the complained-of Infringing Uses.

17. By November 2, 2022, TIKTOK had still not removed at least one of the complained-of Infringing Uses.

18. And by December 22, 2022, TIKTOK had still not removed at least one of the complained-of Infringing Uses.

19. TIKTOK'S knowledge of the Infringing Uses, and its failure to expeditiously remove them, necessitated this action.

# FIRST CLAIM FOR RELIEF

**(For Contributory Copyright Infringement – Against TIKTOK)**

20. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

21. TIKTOK has the right and ability to supervise its Platform and the content posted thereon, including removing copyright-infringing content. TIKTOK also has the right and ability to oversee, monitor, and/or control the uses, dissemination, or proliferation of the Infringing Uses on its Platform. Accordingly, TIKTOK is in the best position to remove copyright-infringing content from, and prevent copyright-infringing contention from proliferating on, its Platform.

22. Since at least as early as September 2022, TIKTOK has had actual knowledge, and/or has been aware of the facts or circumstances, of the Infringing Uses (i.e., specific infringing material on its Platform). The information provided in the Takedown Notice that TIKTOK received contained the types of information called for under the DMCA. Moreover, the Takedown Notice presented and formatted that information based on the relationship between the means for finding the Infringing Uses (i.e., URLs) and the Infringing Uses themselves.

23. TIKTOK has the tools, resources, staff, technological capabilities, and knowledge of/about photographs on its Platform (including the Infringing Uses) to locate and remove the Infringing Uses, and thereby prevent further infringement of STROSS' copyright in the Subject Work. Indeed, doing so requires only simple measures from TIKTOK. Yet TIKTOK has failed to remove, or disable access to, the Infringing Uses. Instead, despite its actual knowledge and awareness of the Infringing Uses, TIKTOK continued to materially contribute to further use of the Infringing Uses by (1) failing to act; and (2), *inter alia* and upon information and belief, continuing to provide access to the Infringing Uses by allowing users to (a) select the Infringing Uses for upload, download, display, reproduction, and/or distribution, as well as initiate and instigate the display of those Uses on

TIKTOK'S Platform; and (b) store, cache, and/or distribute multiple copies of the Infringing Uses on TIKTOK'S Platform.

24. And, upon information and belief, TIKTOK has failed to adequately enforce its repeat infringer policy with respect to the Infringing Uses and the users who posted them, as evidenced by, *inter alia*, TIKTOK'S continued display and distribution of the Infringing Uses with no evident action taken against the users who posted them.

25. The combination of TIKTOK'S knowledge and awareness of the Infringing Uses (in addition to knowing full well the extent of copyright infringement that occurs on its Platform), its failure to remove or disable access to the Infringing Uses (or take any meaningful measure(s) to stem the spread of copyright-infringing content) after obtaining that knowledge and awareness, and its failure to adequately enforce its repeat infringer policy, removes any potential safe harbor protection afforded to TIKTOK under the DMCA, 17 U.S.C. § 512.

26. Due to TIKTOK'S acts of contributory copyright infringement, Plaintiff has suffered damages in an amount to be established at trial.

27. Due to TIKTOK'S acts of contributory copyright infringement, TIKTOK has obtained profits it would not have realized but for its contributory infringement of Plaintiff's copyright in the Subject Work. As such, Plaintiff is entitled to disgorgement of TIKTOK'S profits attributable to its contributory infringement of Plaintiff's copyright in the Subject Work in an amount to be established at trial.

28. Upon information and belief, Plaintiff alleges that TIKTOK has committed acts of contributory copyright infringement with actual knowledge of, or in reckless disregard for, Plaintiff's copyright in the Subject Work, which renders those acts willful, intentional, and malicious.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

a. That Defendants, each of them, their respective agents, and anyone acting in concert with Defendants and/or their agents, be enjoined from using in any way the Subject Work without license, authorization, or consent from Plaintiff or pursuant to an independent legal right (e.g., fair use), including an Order requiring Defendants, and each of them, to remove the Subject Work from TIKTOK'S Platform;

b. That Plaintiff be awarded all Defendants' profits, plus all Plaintiff's losses, attributable to their infringement, the exact sum to be proven at the time of trial; or alternatively, if elected, statutory damages as available under 17 U.S.C. § 504;

c. That Plaintiff be awarded its attorneys' fees and costs of this action under 17 U.S.C. § 505;

d. That Plaintiff be awarded pre-judgment interest as allowed; and,

e. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

DONIGER/BURROUGHS

Dated: January 12, 2023          By:     /s/ *Stephen M. Doniger*
                                          Stephen M. Doniger, Esq.
                                          Benjamin F. Tookey, Esq.
                                          *Attorneys for Plaintiff*